FOR PUBLICATION

---

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX
APPELLATE DIVISION

---

CHASE MANHATTAN BANK,                    )
                                         )
                      Appellant,         )
                                         )   D.C. Civ. App. No. 2001-197
          v.                             )   re: Terr. Ct. Civ. No. 317/2000
                                         )
PAULLYNE J. ROBERT-SURZANO a/k/a         )
PAULLYNE J.R. SURZANO,                   )
                                         )
                      Appellee.          )
                                         )

On Appeal from the Superior Court of the Virgin Islands

Considered: June 15, 2007
Filed: June 22, 2009

BEFORE :   CURTIS V. GOMEZ, Chief Judge, District Court of the
           Virgin Islands; RAYMOND L. FINCH, Judge of the District
           Court of the Virgin Islands; and AUDREY L. THOMAS,
           Judge of the Superior Court of the Virgin Islands,
           Division of St. Thomas & St. John, sitting by
           designation.

APPEARANCES:

Rhonda Hospedales, Esq.
St. Croix, U.S.V.I.
          Attorney for Appellant.

Paullyne J.R. Surzano
St. Croix, U.S.V.I.
          Pro Se.

---

MEMORANDUM OPINION

---

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 2

Chase Manhattan Bank ("Chase") appeals from an order of the Superior Court of the Virgin Islands, Division of St. Croix (the "Superior Court")[1] denying reconsideration of its denial of a writ of assistance to gain possession of property purchased at a foreclosure sale.

## I.  FACTS

Chase filed an action in the Superior Court for debt and foreclosure against the appellee, Paullyne J. Robert-Surzano a/k/a Paullyne J.R. Surzano ("Surzano").  Surzano never answered the complaint, and default judgment was entered in Chase's favor. On November 3, 2000, the trial court entered  judgment of foreclosure in favor of Chase and against Surzano.

On April 20, 2001, the foreclosed property, Plot 15 and 15A Estate Cane, St. Croix, (the "Property") was offered for sale at a marshal's sale.  Chase purchased the Property at the marshal's sale for $100,000.  On May 15, 2001, the Superior Court issued an order confirming the foreclosure sale and awarding Chase a deficiency judgment of $11,456.13 against Surzano.  The May 15,

---

[1]  Prior to 2005, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges.  Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004).  Recognizing this renaming, this Court employs the terms Superior Court and Superior Court Judge.

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 3

2001, order further stated that "the purchaser, Chase Manhattan

Bank, is entitled to possession of the premises." (Order

Confirming Sale and Deficiency Judgment 2, May 15, 2001.)

Following confirmation of the sale, Chase filed a petition

for a writ of assistance to regain possession from Surzano, who

continued to occupy the premises. On July 13, 2001, the Superior

Court entered an order denying Chase's petition without

discussion. Chase subsequently filed a motion for

reconsideration of the July 13, 2001, order.

In an order dated November 8, 2001, the Superior Court

denied Chase's motion for reconsideration, stating that

> before a Court will issue a Writ of Assistance
> there must first be an <u>order</u> or <u>decree</u> to deliver
> possession that has been disregarded. A
> declaration by the Court of a right to possession
> is <u>not</u> an order or decree granting possession.
> Secondly, there must be a showing, by the party
> seeking the assistance, that he or she has
> demanded possession of the property, and it was
> refused.
>
> A party seeking assistance can meet these
> requirements in this jurisdiction by filing an
> action for forcible entry and detainer, pursuant
> to [title 28, section] 782 [of the Virgin Islands
> Code]. It is through this action that the party
> will acquire a decree ordering the delivery of
> possession. . . .

(Order Denying Chase's Motion for Reconsideration 2, Nov. 8,

2001.) (emphasis in original). Additionally, the court

determined that a landlord-tenant relationship arises by

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 4

operation of Virgin Islands law between a foreclosure sale

purchaser and a mortgagor who refuses to vacate the premises

after the sale.  As such, the court reasoned that a foreclosure

sale purchaser must bring a forcible entry and detainer action in

order to recover possession of property from a mortgagor.

Regarding Chase's entitlement to a writ of assistance in

this case, the court found:

> In the May 15, 2001, Order, the Court did not
> decree that possession of the premises be given
> to [Chase], it only determined that [Chase] was
> entitled to possession . . . .
>
> Accordingly, there is no present order or
> decree by this Court that [Surzano] has
> disregarded, which would warrant the issuance of
> a writ of assistance.

(*Id.* at 3.)  The Superior Court concluded that Chase must first

bring a forcible entry and detainer action against Surzano under

title 28, section 782 of the Virgin Islands Code ("Section 782")

before it would be entitled to a writ of assistance. *See* V.I.

CODE ANN. tit. 28, § 782 (1976).

Chase timely appealed the Superior Court's November 8, 2001,

order denying its motion for reconsideration.  At issue is

whether an order specifically commanding delivery of possession

of property bought at a foreclosure sale is a prerequisite to the

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 5

issuance of a writ of assistance to help the purchaser gain

possession from the mortgagor.[2]

## II.   DISCUSSION

### A.   Jurisdiction

This Court may review the judgments and orders of the

Superior Court in civil cases. *See* The Omnibus Justice Act of

2005, Act No. 6730, § 54 (amending Act No. 6687 (2004), which

repealed 4 V.I.C. §§ 33-40, and reinstating appellate

jurisdiction in this Court); Revised Organic Act of 1954 § 23A,

48 U.S.C. § 1613a.[3]

### B.   Standard of Review

We generally review the court's denial of a motion for

reconsideration for abuse of discretion. *See Gov't of the V.I. v.*

*Innovative Communs. Corp.*, 215 F. Supp. 2d 603, 606 (D.V.I. App.

Div. 2002) (citing *Paul v. Electric Ave.*, Civ. No.1999/055, 2001

WL 1045098 at *1 (D.V.I. App. Div. Aug. 29, 2001); *In re Cendant*

*Corp. Prides Litig.*, 235 F.3d 176, 181 (3d Cir. 2000); *North*

*River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1203 (3d

---

[2]   Surzano has not filed an appellate brief.

[3]   The complete Revised Organic Act of 1954 is found at
48 U.S.C. §§ 1541-1645 (1995 & Supp. 2003), reprinted *in* V.I.
Code Ann. 73-177, Historical Documents, Organic Acts, and U.S.
Constitution (1995 & Supp. 2003) (preceding V.I. Code Ann. tit.
1).

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 6

Cir. 1995); *Newland Moran Real Estate v. Green Cay Properties, Inc.*, 41 F. Supp. 2d 576, 578-79 (D.V.I. App. Div. 1999)).  An appeal from a motion for reconsideration filed beyond the ten-day tolling provision of Virgin Islands Rule of Appellate Procedure 5(a)(4), does not properly put the underlying order before us, and we may review only the reconsideration order. *See* V.I. R. App. P. 5(a)(4)(vi) (1998) (noting that a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") tolls the thirty-day period for appeal only if filed within ten days of the challenged order); *Newland Moran*, 41 F. Supp. 2d at 579 (citing *Browder v. Director, Dept. of Corrections of Ill.*, 434 U.S. 257, 263 n.7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (holding that the standard of review is abuse of discretion, and "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review").

Where the trial court's denial of a motion for reconsideration is based on its interpretation of legal precepts, this Court's review of that denial is plenary. *See Innovative*, 215 F. Supp. 2d at 606; *see also Max's Seafood Cafe by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999).  Factual issues are reviewed for clear error. *See* 4 V.I.C. § 33; *United States v. Herrold*, 962 F.2d 1131, 1136 (3d Cir. 1992) ("[B]ecause an appeal from a denial of a motion for reconsideration

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 7

necessarily raises the underlying judgment for review, the

standard of review varies with the nature of the underlying

judgment").

## III.  **ANALYSIS**

Chase argues that the Superior Court abused its discretion

in denying the motion for reconsideration.  The Superior Court

denied reconsideration on grounds that Chase was not entitled to

a writ of assistance to remove Surzano from the Property absent a

court order explicitly directing delivery of possession.

The procedure outlined by the Superior Court in the November

8, 2001, order results in a two-tiered litigation process for a

purchaser to recover possession of real property bought at a

foreclosure sale.  First, the purchaser must obtain the right to

possession by purchasing the property at a foreclosure sale.

Second, the purchaser must secure an order explicitly directing

the delivery of possession by instituting forcible entry and

detainer proceedings.  Under this procedure, a writ of assistance

may not issue to recover possession until the possessory right

has twice been adjudicated in the purchaser's favor.

Such a two-tiered process imposes inappropriate

prerequisites to the issuance of writs of assistance.  It also

runs afoul of clear Virgin Islands law establishing the right to

possession of property purchased at a foreclosure sale.

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 8

**A.   Writs of Assistance**

A writ of assistance is a process by which a court may
enforce its own orders or judgments, "and thereby avoid
relitigation of questions once settled between the same
parties."[4] *Wesch v. Folsom*, 6 F.3d 1465, (11th Cir. 1993); *see
also United States Nat'l Bank of Oregon v. Chavez*, 547 P.2d 647,
649 (Or. 1978) ("The issuance of such a writ is summary because
it is merely an order directing the sheriff to enforce the rights
of a party as determined by an already fully adjudicated
decree."); *State Dept. of Natural Resources v. Winfrey*, 419
N.E.2d 1319, 1321 (Ind. Ct. App. 1981) ("Issuance of such a writ
avoids the unnecessary expense and delay of requiring a plaintiff
to file a new law suit."). "[A] writ of assistance is only
proper where the right of the applicant against whom the writ is
sought to be issued is clear, and where the right is doubtful the
writ will be refused." *Chavez*, 574 P.2d at 649 (citation and
quotations omitted). Ultimately, "[t]he issuance of a writ of
assistance rests in the sound discretion of the court." *Pratt v.
Engel*, 164 A. 696 (N.J. Ch. 1933); *see also United States v.
Washington*, 459 F. Supp. 1020, 1115 (W.D. Wash. 1978) (explaining

[4] Black's Law Dictionary defines the term "writ of
assistance" as "[a] writ to enforce a court's decree transferring
real property, the title of which has been previously
adjudicated." Black's Law Dictionary (8th ed. 2004).

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 9

that the court "has broad discretion to fashion remedies which
will protect and effectuate its earlier rulings").[5]

The appropriate requirements for the issuance of a writ of
assistance to recover possession of real property are: (1) that
the applicant's right to possession is clear as against the
occupant and (2) that such right has already been adjudicated by
the court to which the application is made. *See id.; see also*
*United States v. Young*, 806 F.2d 805, 807 (8th Cir. 1986) ("The
district court correctly granted the writ because the government
. . . was . . . entitled to possession of the property."), *cert.*
*denied*, 484 U.S. 836, 108 S.Ct. 117, 98 L.Ed.2d 76 (1987);
*Chavez*, 547 P.2d at 649 (explaining that, if the applicant's
right to possession is questionable compared to the occupant's
right, a writ of assistance will not issue) *Dixon v. Dixon*, 191
So. 292, 293 (Fla. 1939) ("The writ of assistance is properly
employed where a Court of equity has previously determined the
rights of the litigants to the title or possession of [real]
property . . . ."); *State ex rel. O'Brien v. Superior Court for*
*King County*, 24 P.2d 117, 118 (Wash. 1933) ("[A] writ of
assistance cannot issue except where the party seeking the writ

---

[5] Such writs will only issue against parties whose rights
have been bound by the decree, like defendants in the underlying
litigation. *See Homeowners Loan Corp. v. Blanchard*, 129 P.2d 286
(Or. 1942).

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 10

has a clear right of possession, and where there has been a prior adjudication of the right of possession . . . ."); *Beck v. Kirk*, 223 P. 499, 501 (Mont. 1924) (holding that a writ of assistance is a proper remedy to transfer possession from the mortgagor to the mortgagee, who became entitled to possession after purchasing the property at a foreclosure sale).

Contrary to the Superior Court's holding, an applicant need not secure an order specifically commanding the delivery of possession in order to obtain a writ of assistance. *See Hamilton v. Nakai*, 453 F.2d 152, 158-59 (9th Cir. 1972) (holding that a writ of assistance was appropriate to enforce a decree stating that two Native American tribes were entitled to joint occupancy of lands, though the decree did not direct the delivery of possession); *United States v. Real Property and Premises Known as 63-39 Trimble Road, Woodside, New York*, 860 F. Supp. 72, 74 (E.D.N.Y. 1994) (granting a writ of assistance pursuant to a forfeiture order, despite the fact that the order "did not direct 'a party' to perform a specific act; rather, it simply ordered the forfeiture of defendant Premises"); *Boyd v. Boyd*, 207 S.W.2d 969, 971 (Tex. Civ. App. 1947) (explaining that an order for delivery of possession was not a prerequisite to the issuance of a writ of assistance after a foreclosure sale).

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 11

> When a court has decided a case on the merits,
> and after a sale has been made under a decree in
> which the court has obtained jurisdiction, the
> court has power to give possession to a
> purchaser, although delivery of possession is not
> made a part of the decree.   The right thus
> becomes necessary and proper in order to enable
> a court to carry out its decree, or judgment, and
> to give the proper relief to which such party
> seeking the relief is entitled.

*Boyd*, 207 S.W.2d at 971.

1.   **Federal Rule of Civil Procedure 70**

The Superior Court relied on Federal Rule of Civil Procedure

70 ("Rule 70") as support for its conclusion that an order

specifically commanding the delivery of possession is required

before a writ of assistance may issue.   Rule 70 and its local

counterpart, title 5, section 471 of the Virgin Islands Code

("Section 471"), provide for the issuance of a writ of assistance

in cases where "any order or judgment is for the delivery of

possession." Fed. R. Civ. P. 70 (1937);[6] *see also* 5 V.I.C. § 471

(1997).[7]

---

[6]   Rule 70 is made directly applicable to the Superior Court
by Superior Court Rule 7. *See* Super. Ct. R. 7 (1994).

[7]   Title 5, section 471 of the Virgin Islands Code provides:

> Subject to the provisions of the Federal Rules of
> Civil Procedure, the person in whose favor a
> judgment is given in the district court or the
> [Superior Court] which requires the payment of
> money, the delivery of real or personal property,
> or either of them, may have a writ of execution

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 12

However, the equitable power of a court to issue a writ of assistance is not limited by Rule 70 to the enforcement of orders specifically commanding the delivery of possession. *See Hamilton v. McDonald*, 503 F.2d 1138, 1143 n.5 (9th Cir. 1974) (holding that such writ was appropriate to enforce a decree that established a Native American tribe's joint right to possession of land, but contained no explicit order for delivery of possession); *Real Property and Premises Known as 63-39 Trimble Road, Woodside, New York*, 860 F. Supp. at 74 (granting the petitioner's writ of assistance to enforce a judgment of forfeiture, though acknowledging that Rule 70 did not apply). Indeed, "a court's power to afford a remedy must be coextensive with its jurisdiction over the subject matter." *Clark v. Coye*, 60 F.3d 600 (9th Cir. 1995); *see also Butler County v. Pittsburgh, H., B. & N. C. R. Co.*, 148 A. 504, 505-06 (Pa. 1929) (noting that a writ of assistance is one of the customary processes by which a court of equity may effectuate its decrees); *Williams v. Sherman*, 205 P. 259, 260 (Idaho 1922) ("The power of the court to issue a writ of assistance . . . does not arise from any statute, but from the practice which obtained at common law."); *Cooper v.*

_____

issued for its enforcement, as provided in this chapter.

5 V.I.C. § 471 (1997).

*Chase Manhattan Bank v. Surgano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 13

Cloud, 69 S.O. 928, 929 (Ala. 1915) ("Chancery has power at

common law and under [Alabama Code 1907, section 3217] to issue

writs of assistance or possession to enforce its orders and

decrees, and may compel delivery of property either personalty or

realty.").[8]

Furthermore, Rule 70 itself arguably authorizes the issuance

of writs of assistance to recover possession of real property,

even absent an explicit order for delivery of possession.  In

*Hamilton v. McDonald*, 503 F.2d 1138 (9th Cir. 1974), the Ninth

Circuit affirmed the district court's grant of a writ of

assistance to enforce a Native American tribe's joint right to

possession of a parcel of land. *Hamilton*, 503 F.2d at 1143.

Although the tribe had not obtained an order specifically

commanding delivery of possession, the Ninth Circuit concluded

that the writ of assistance was appropriate to enforce the

_____

[8]  The equitable power of courts to effectuate their decrees
has also been codified in the All Writs Act. *See* 28 U.S.C. § 1651
(1949) (the "All Writs Act") ("The Supreme Court and all courts
established by Act of Congress may issue all writs necessary or
appropriate in aid of their respective jurisdictions and
agreeable to the usages and principles of law."); *see also*
*Kinnear-Weed Corp. v. Humble Oil & Ref. Co.*, 441 F.2d 631, 637
(5th Cir. 1971); *Ward v. Penn. N.Y. Cent. Transp. Co.*, 456 F.2d
1046, 1048 (2nd Cir. 1972); *Olin Corp. v. Ins. Co. of N. Am.*, 807
F. Supp. 1143, 1152 (S.D.N.Y. 1992).  The Virgin Islands
legislature has adopted the relevant language of the All Writs
Act in title 4, section 83 of the Virgin Islands Code ("Section
83"). *See* 4 V.I.C. § 83 (1976) (incorporating the exact language
of the All Writs Act).

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 14

tribe's possessory right "under the express terms of [Rule] 70."
*Id.* at 1138; *cf. United States v. One (1) Douglas A-26B Aircraft*,
662 F.2d 1372 (11th Cir. 1981) (holding that Rule 70 did not
authorize a writ of assistance to compel the government to
surrender an airplane to the applicant in an "airworthy"
condition based on an order directing the government to surrender
the airplane to the applicant because there was no allegation of
noncompliance with the court's order, as the applicant did not
claim that the government failed to surrender the aircraft).

The Superior Court inappropriately confined the equitable
remedy of a writ of assistance to the enforcement of orders for
the delivery of possession under Rule 70. Rather, "[t]he
issuance of a writ of assistance rests in the sound discretion of
the court." *Pratt*, 164 A. at 697; *see also Washington*, 459 F.
Supp. at 1115 (explaining that the court "has broad discretion to
fashion remedies which will protect and effectuate its earlier
rulings").

2.  **Demand**

Additionally, the Superior Court held that a writ of
assistance may not issue to put the applicant in possession of
real property unless the applicant has made a demand upon the
occupant for possession, which was refused. However, where the
underlying order unconditionally settles the right to possession

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 15

of real property, demand and refusal are not preconditions to

obtaining a writ of assistance. *See Messenkop v. Duffield,* 294 P.

715, 715 (Cal. 1930) ("[P]etitioner's contention that there was

no valid execution because the writ of possession was not ordered

upon proof of demand for possession and refusal, cannot be

upheld. . . .  Upon a judgment decreeing that plaintiff is

entitled to possession of real property, said plaintiff is

entitled to possession as a matter of course.");[9] *Gelling v.*

*Clark,* 154 N.E. 392, 395 (Ind. App. 1926) (concluding that demand

for possession is not a prerequisite to the issuance of a writ of

---

[9]   In *Messenkop v. Duffield,* 294 P. 715 (Cal. 1930), the
court cited to Section 682, subdivision 5, of the California Code
of Civil Procedure ("Section 682") in the same paragraph where it
held that demand and refusal were not required in order to obtain
a writ of assistance.  In the dissent's view, *Messenkop's* holding
that demand was unnecessary depended "exclusively" on Section
682, which was repealed in 1982.  However, the *Messenkop* court
referred to the statute merely for the proposition that "Section
682 . . . authorizes the clerk to issue writs of execution upon
judgments, and from subdivision 5 of said section it appears that
this procedure is applicable to a writ issued upon a judgment
decreeing that plaintiff is entitled to possession of real
property." *See id.* at 716.  A close reading of the opinion
in *Messenkop* reveals that the court's reference to Section 682
was to rebut the petitioner's contention that the writ of
assistance was invalid because it was issued by the clerk, rather
than the court itself. *See id.*  We therefore disagree with the
dissent that the reference to Section 682 in *Messenkop* undercuts
the court's holding regarding demand.

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 16

assistance on behalf of a foreclosure sale purchaser holding a

sheriff's deed).[10]

_____

[10] As the dissent points out, *Gelling v. Clark*, 154 N.E. 392 (Ind. App. 1926), was a case in which the purchasers of real property at a foreclosure sale maintained an action for ejectment against the holdover mortgagors while simultaneously seeking a writ of assistance. In the dissent's view, that fact detracts from the *Gelling* court's holding that demand is not a prerequisite to the issuance of a writ of assistance. We disagree.

In *Gelling*, the court specifically emphasized that "[t]here [wa]s no evidence that, after the execution to them of said sheriff's deed, appellees or any one in their behalf went upon said premises, displayed said deed to appellants, and demanded possession thereof, or any part thereof." *Id.* at 394. The holdover mortgagors moved the trial court for judgment in their favor on the basis of this lack of demand. The trial court overruled the motion, concluding that the purchasers were "entitled to the immediate possession of the land . . . and to have issued a writ of assistance[.]" *Id.* The appellate court, sitting *en banc*, affirmed. In response to the mortgagors' argument that demand was required, the court explained:

> While it is true that a demand for possession and refusal thereof are ordinarily conditions precedent to an order issuing the writ, it is also the law that, where, as here, a decree and subsequent proceedings thereunder settle the complainants' right to the possession of the land, the award of a writ of assistance need not be postponed until after delivery of possession by the defendant has been refused.

*Id.* at 395. The court went on to state that, even if demand were necessary, the ejectment action provided sufficient demand to justify the issuance of a writ of assistance. However, contrary to the dissent's suggestion, the fact that the court chose to set forth an additional, alternative basis for its decision in no way undermines the validity of its clear holding that demand is not required in cases where, as here, a court decree settles the right to possession of property. *See Johnson v. Pinchak*, 392 F.3d

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 17

The dissent urges that Chase is required to give Surzano written notice that it demanded possession of the Property by virtue of Surzano's status as a tenant by sufferance.[11] We do not disagree with this characterization of Surzano. However, we do not believe that the fact that Surzano falls within the general category of tenants by sufferance entitles him to written notice beyond that provided by the foreclosure proceedings and confirmation of sale stating in no uncertain terms that Chase was

---

551, 558 (3d Cir. 2004) (explaining that an alternative holding does not undermine the central meaning of an opinion).

Finally, it is worth noting that *Gelling* cannot reasonably be read to stand for the proposition that an action for ejectment is *required* as a prerequisite to obtaining a writ of assistance. Indeed, the court in *Gelling* specifically explained that "[t]he remedies given to the purchaser of land under the decree of foreclosure by writ of assistance and by forcible entry and detainer are *concurrent*, and both *may* be pursued at the same time until a satisfaction is had." *Id.* at 394 (quotation omitted) (emphasis supplied); *see also Mutual Press Brick & Quarry Co. v. Tomaselli*, 154 S.W.2d 370, 372 (Mo. App. 1941) ("[T]he fact that the one entitled to possession of property may sue in ejectment to secure his relief constitutes no bar to his right, in a proper case, to petition a court of equity for a writ of assistance[.]").

[11] A tenancy at sufferance "is an interest in land which exists when a person who had a possessory interest in land by virtue of an effective conveyance, wrongfully continues in the possession of the land after the termination of such interest, but without asserting a claim to a superior title." Restatement (First) of Property § 22 (1936); *see also In re St. Clair*, 251 B.R. 660, 665 (D.N.J. 2000) (noting general rule that mortgagor who retains possession after foreclosure and sale is tenant at sufferance), *aff'd*, *St. Clair v. Wood*, 281 F.3d 224 (3d Cir. 2001).

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 18

entitled to possession of the Property.  As support for its
position that written demand for possession was required, the
dissent relies on title 28, section 752 of the Virgin Islands
Code ("Section 752"), which sets forth a general rule that
tenancies by sufferance may be terminated upon written notice.

Significantly, however, Surzano is not merely a tenant by
sufferance, but is also a judgment debtor whose property has been
foreclosed and sold at a marshal's sale.  Under these
circumstances, there is no doubt that the provisions of title 5,
section 500 of the Virgin Islands Code ("Section 500") apply to
this case.  That law unambiguously grants possession of property
sold at a foreclosure sale to the foreclosure sale purchaser
"from the day of [the foreclosure] sale until a resale or a
redemption."  5 V.I.C. § 500 (1957).  As explained in more detail
below, there is no exception in Section 500 for tenants by
sufferance.  To the extent there is a conflict between Section
500 and Section 752, Section 500, as the more specific statute
covering the particular circumstances of this case, should govern
over the general rule announced in Section 752. *See In re Udell*,
454 F.3d 180, 186 (3d Cir. 2006) (explaining that "a more
specific provision governs over a more general statute when there
is a conflict between the two statutes").  Indeed, to require
written demand under Section 752 would render meaningless the

*Chase Manhattan Bank v. Surzano*
D.E. Civ. App. No. 2001-197
Memorandum Opinion
Page 19

clear possessory right granted to the foreclosure sale purchase

in Section 500.   Moreover, in circumstances such as this where a

court order clearly states that the foreclosure sale purchaser is

entitled to possession of the property in question, such order

provides sufficient written notice to the holdover mortgagor.

Accordingly, we hold that by ruling that demand and refusal

are *always* prerequisites to the issuance of a writ of assistance,

the Superior Court improperly expanded the scope of the demand

requirement.

**B.    Chase's Right to Possession of the Property**

Chase's entitlement to a writ of assistance depends on

whether, at the time Chase sought the writ: (1) there had been a

prior adjudication of Chase's right to possession; and (2)

Chase's right to possession was clear as against Surzano. *See*

*Chavez*, 547 P.2d at 649; *State ex rel. O'Brien*, 24 P.2d at 118.

There is no question that Chase's right to possession of the

property had already been adjudicated by the Superior Court at

the time Chase sought a writ of assistance, and when it sought

reconsideration of the denial of its request.   The order

confirming the foreclosure sale unconditionally settled the right

to possession in favor of Chase.   Therefore, the propriety of the

writ depended on whether Chase's right to possession was clear as

against any possessory right Surzano may have had at the time.

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 20

The chronology of the facts in this case is crucial in analyzing the respective rights of Chase and Surzano to possession of the Property. On April 20, 2001, Chase purchased the Property. On May 15, 2001, the Superior Court entered the order confirming the sale. That order marked the beginning of Surzano's six-month redemption period under title 28, section 535 of the Virgin Islands Code ("Section 535") (providing that the redemption period starts to run on the entry of the order confirming the foreclosure sale). During the pendency of the redemption period, Chase filed both the petition for a writ of assistance and the motion for reconsideration. On November 8, 2001, approximately one week before the expiration of the redemption period, the Superior Court entered its order denying Chase's motion for reconsideration. Thus, the relevant events in this matter occurred within the six-month redemption period.

The right to possession of a mortgaged property after a foreclosure sale and until the expiration of any redemption period is determined by statute. *Security Sav. and Loan Ass'n v. Busch*, 523 P.2d 1188, 1191 (Wash. 1974) ("[The Revised Code of Washington] designates those who are entitled to possession during the period of redemption."); *State ex rel. O'Brien*, 24 P.2d at 118 ("After sale, and until the period of redemption has expired, the right of possession is determined by statute.");

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 21

*Pillsbury v. McGarry,* 138 P. 836, 837 (Or. 1914) (explaining that

the right to possession during the redemption period is expressly

conferred by statute in Oregon).

Title 5, section 500 of the Virgin Islands Code ("Section

500") provides:

> The purchaser from the day of [the foreclosure]
> sale until a resale or a redemption, and a
> redemptioner from the day of his redemption until
> another redemption, shall be entitled to the
> possession of the property purchased or redeemed,
> unless the same be in the possession of a tenant
> holding under an unexpired lease, and in such
> case shall be entitled to receive from such
> tenant the rents or the value of the use and
> occupation thereof during the same period. Any
> purchaser or prior redemptioner or both as the
> case may be, shall be entitled to cultivate and
> to reap, harvest, cut, etc., the first crop or
> any crops which he may have planted prior to the
> redemption.

5 V.I.C. § 500.[12]

────────────

[12] States with nearly identical statutes to Section 500
include Alaska, Oregon, and Washington. *See* Alaska Stat. §
09.35.310 (1962); Or. Rev. Stat. § 18.946 (2005); Wash. Rev. Code
§ 6.23.110 (1987); *cf.* Mont. Code Ann. § 25-13-821 (1947)
(providing that the foreclosure sale purchaser is entitled to
possession during the statutory redemption period unless the
"debtor personally occupies the land as a home for himself and
his family").

Compare the rule in Pennsylvania, under which the right to
possession of property purchased at a foreclosure sale does not
pass to the purchaser until the sheriff's deed is executed and
delivered. *See* Pa. R. Civ. P. 3181(j), 3135; *see also Butler v.
Lomas and Nettleton Co.,* 862 F.2d 1015, 1019 (3d Cir. 1988).
Also compare the law in New Mexico, where the right to possession
after a foreclosure sale is not specifically regulated by

Chase Manhattan Bank v. Surzano
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 22

Section 500 confers upon the purchaser the right to possess
the property during the pendency of the redemption period as
against any party not occupying the premises pursuant to an
unexpired lease. *See id.; cf.* 28 V.I.C. § 290 (1957) ("A mortgage
of real property shall not be deemed a conveyance so as to enable
the owner of the mortgage to recover possession of the real
property without a foreclosure and sale according to law, and a
judgment thereon").[13]  Virgin Islands law unequivocally places
the entitlement to possession squarely and solely in the hands of
the purchaser unless and until a holder of the right to
redemption elects to redeem.  The force of that law is not

---

statute. *See Gunby v. Doughton*, 228 P. 603 (N.M. 1924).  In *Gunby
v. Doughton*, 228 P. 603 (N.M. 1924), the Supreme Court of New
Mexico explained that, absent a statutory provision to the
contrary, all the interests in the property pass to the
purchaser, including the mortgagor's right to possession. *Id.*
Based on that reasoning, the court affirmed the issuance of a
writ of assistance putting the purchaser in possession. *Id.* at
604.

[13]  *See also BA Properties, Inc. v. Gov't of the V.I.*, 299
F.3d 207, 214 n.5 (3d Cir. 2002) (explaining that a foreclosure
sale operates to release security for a debt and, after the
expiration of the redemption period, to conclusively transfer
title to the purchaser); *Lucerne Investment Co. v. Estate
Belvedere, Inc.*, 7 V.I. 275 (1969) (holding that the entry of an
order confirming sale pursuant to a foreclosure action is a
prerequisite to conveyance of property by the marshal to the
purchaser and to the purchaser's right to gain possession of the
property).

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 23

diminished by the *possibility* that a mortgagor may redeem

property during the redemption period.

Procedurally, on the day of a foreclosure sale in the Virgin

Islands, the purchaser receives a certificate of sale. *See* 5

V.I.C. § 492 (1957). Only after the redemption period has

expired and the property has not been redeemed may the title be

conveyed from the mortgagor to the purchaser. *See id.* at § 497

(1957). Under this framework, during the redemption period, the

purchaser enjoys the right to possession and the mortgagor has

the right to redeem the property:

> The sheriff's sale . . . confer[s] upon the
> [purchaser] an equitable interest in the land
> which is liable to be extinguished if the
> defendants, as the present owners of the fee,
> redeem within the time limited therefor by paying
> the sum of money required for that purpose. If
> they do not discharge the debt, the [purchaser's]
> interest will ripen into an estate in fee upon
> the execution of the sheriff's deed . . . .
> [S]ince [plaintiff] purchased the premises at the
> sheriff's sale, and secured a certificate
> thereof, he is entitled to the possession of the
> lot until ousted therefrom upon another sale of
> the real property . . . .

*Pillsbury*, 138 P. at 837 (Or. 1914).[14]

---

[14] The evaluation of Oregon's statutory scheme in *Pillsbury*
v. *McGarry*, 138 P. 836, 837 (Or. 1914) is analogous to the
division of interests in foreclosed property in the Virgin
Islands. In Oregon, as in the Virgin Islands, "[t]he purchaser
from the day of sale, until a resale, or a redemption, and a
redemptioner from the day of his redemption until another
redemption, shall be entitled to the possession of the property

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 24

The right to redeem does not give the mortgagor a colorable claim to possession during the redemption period sufficient to defeat a writ of assistance in favor of the purchaser. *See Sec. Sav. and Loan Ass'n v. Busch,* 523 P.2d 1188, 1191-92 (Wash. 1974) (holding that a foreclosure sale purchaser is entitled to a writ of assistance to recover possession from the mortgagor based on the purchaser's statutory right to possession during the redemption period, unless an exception applies); *see also Pillsbury,* 138 P. at 837 (holding that a purchaser's statutory right to possession during the redemption period is grounds for a writ of assistance to obtain possession from the mortgagor). On the other hand, the possibility that "an agreement, express or implied, to allow [the mortgagor] to continue in possession of the land was entered into subsequent to the decree of foreclosure" existed "is sufficient to deny the availability of a writ of assistance." *United States Nat'l Bank of Oregon v. Chavez,* 547 P.2d 647, 649-50 (Or. 1978).

---

purchased or redeemed, unless the same be in the possession of a tenant holding under an unexpired lease . . . ." *Pillsbury,* 138 P. at 837 (quoting the law in effect at the time of the opinion, which is substantively the same as the current law governing possession during the redemption period, Oregon Revised Statute section 18.946). Oregon's foreclosure process is also akin to the procedure in the Virgin Islands in that a certificate of sale is issued at the time of the sale, but the deed may not be conveyed until after the expiration of the redemption period. *See id.*

The Superior Court interpreted Section 500 as automatically creating a landlord-tenant relationship between a purchaser and a mortgagor in possession after the foreclosure sale absent any type of lease agreement. The court read the purchaser's right to receive rents under Section 500 as triggering an implicit requirement that the purchaser bring a forcible entry and detainer action in order to gain possession of the property before the expiration of the redemption period. However, there is no statutory support for the Superior Court's interpretation, since the Legislature of the Virgin Islands never wrote such a law when it drafted Section 500. Furthermore, the Superior Court's interpretation would eviscerate the possessory right of the purchaser expressly conferred by Section 500, as all purchasers would become landlords entitled to rents rather than possession.

Moreover, the Superior Court's interpretation of Section 500 conflicts with the statute's plain language stating that the purchaser is entitled to rents only if the occupant is "a tenant holding under an unexpired lease." 5 V.I.C. § 500. The exception outlined in Section 500 may apply to a tenant at will holding under an implied lease. *See Chavez*, 547 P.2d at 649-50 (holding that even the possibility of an implied lease agreement was enough to defeat the purchaser's right to possession under a

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 26

statute with similar language to Section 500). However, the
unambiguous terms of Section 500 provide that the exception is
inapplicable to a tenant at sufferance, like Surzano, who does
not even claim any rights under any sort of lease agreement. *See
id.; see also Metro. Life Ins. Co. v. Heary*, 241 N.W. 525, 526
(Neb. 1932) ("In the absence of any showing of any agreement or
alleged agreement subsequent to the decree giving defendant any
rights to continue in possession or of any showing that the
issuance of the writ might work injustice, we are of the opinion
the court did not err in granting a writ of assistance as a part
of the order confirming the sale.").

    In this case, there is absolutely nothing in the record to
directly or indirectly suggest that Surzano occupied the Property
pursuant to any type of lease agreement, express or implied. At
the time Chase sought the writ, Surzano's interest in the
Property was limited to the right to redeem. That right did not
give Surzano a colorable claim to possession sufficient to defeat
a writ of assistance. Rather, Section 500 expressly conferred
upon Chase the right to possession of the Property after the
foreclosure sale. At the time Chase sought a writ of assistance
from the Superior Court, the Superior Court had already
determined that Chase had the right to possession of the
Property, and such right was clear as against Surzano. Chase was

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 27

therefore entitled to a writ of assistance to enforce its
previously adjudicated right to possession. *See, e.g., United
States v. Young*, 806 F.2d 805, 807 (8th Cir. 1986) (affirming the
issuance of a writ of assistance to put a purchaser in possession
after a foreclosure sale because the purchaser was clearly
entitled to possession of the property), *cert. denied*, 484 U.S.
836, 108 S.Ct. 117, 98 L.Ed.2d 76 (1987); *Busch*, 523 P.2d at
1191-92 (affirming the entry of a writ of assistance because the
purchaser had a statutory right to possession of mortgaged
property during the redemption period and no exceptions applied);
*Homeowners Loan Corp. v. Blanchard*, 129 P.2d 286 (Or. 1942)
(affirming the issuance of a writ of assistance to transfer
possession of mortgaged property to the foreclosure sale
purchaser before the expiration of the redemption period);
*Pillsbury*, 138 P. at 837 ("The statute expressly confers the
[purchaser's right to possession], and the remedy invoked [a writ
of assistance] is the proper proceeding for the occasion.").

Under these circumstances, it was an abuse of discretion for
the Superior Court to deny Chase's motion for reconsideration and
request for a writ of assistance.[15]

---

[15] The dissent correctly points out that the abuse of
discretion standard is deferential. *See United States v. Tomko*,
562 F.3d 558, 565 (3d Cir. 2009). However, the amount of
deference given will depend on the type of error asserted on

*Chase Manhattan Bank v. Surzeno*
D.C. Civ. App. No. 2001-197
Memorandum Opinion
Page 28

## IV.    CONCLUSION

For the foregoing reasons, the Court will reverse the Superior Court's November 8, 2001, order denying Chase's motion for reconsideration.   The matter will be remanded for further proceedings in accordance with this Court's Opinion.   An appropriate Order follows.

DATED: **June 22, 2009**

---

appeal. *See United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008).   "For example, a district court will be held to have abused its discretion if its decision was based on a clearly erroneous factual conclusion or an erroneous legal conclusion." *Id.*   Indeed, the United States Court of Appeals for the Third Circuit has made clear that, although a trial court's denial of a motion for reconsideration is generally reviewed for abuse of discretion, appellate "review is plenary where the denial was based on the interpretation and application of a legal precept." *United States v. Smith*, 445 F.3d 713, 716 (3d Cir. 2006) (quotation omitted).   In this case, we have found that the Superior Court imposed erroneous prerequisites to the issuance of a writ of assistance and misinterpreted Virgin Islands law governing the possession of real property purchased at a foreclosure sale.   These legal errors constitute an abuse of discretion. *See Koon v. United States*, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) ("A [trial] court by definition abuses its discretion when it makes an error of law.").   We decline the dissent's invitation to excuse such errors when the applicable standard of review requires a finding of error.

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
FINCH, *concurring in part, dissenting in part*
Page 29

**FINCH, R., *concurring in part, dissenting in part*.**

At issue is whether the Superior Court abused its discretion in denying Chase's motion to reconsider its request for a writ of assistance to enter into possession of property it purchased at a foreclosure sale.[16]

I concur with the majority's decision that a judgment purchaser in Chase's position is not required to file a separate forcible entry and detainer action to enter into possession. I also concur where the majority concludes that a landlord-tenant relationship did not exist between Chase and Surzano. *See* V.I. CODE ANN. tit. 5, § 500.

---

[16] The Superior Court reviewed Chase's motion for reconsideration under Local Rule of Civil Procedure 7.4, which provides in relevant part that "such motion shall be filed within ten (10) days after the entry of the order or decision" and shall be based on:

1. Intervening change in controlling law;
2. Availability of new evidence; or
3. The need to correct clear error or prevent manifest injustice.

LRCi 7.4 (amended August 2, 2007, now Rule 7.3).

In this matter, the order denying the writ issued on July 13, 2001. Chase filed its motion for reconsideration more than ten days later, on August 7, 2001. (J.A. 10-13.) Nonetheless, the trial court exercised jurisdiction over Chase's untimely request for reconsideration by substantively ruling on the motion. (J.A. 14-20.) Presumptively, by so doing, the Superior Court implicitly extended the time for filing Chase's motion, which is permissible under the local rule. *See* LRCi 7.4 (2001).

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
FINCH, *concurring in part, dissenting in part*
Page 30

Where I part company with my esteemed colleagues, however, is their conclusion that Chase was not required to demand possession of the premises prior to seeking a writ of assistance. *See* V.I. Code Ann. tit. 28, § 752 (1957). My determinations are guided by a plain reading of the Virgin Islands Code concerning the termination of tenancies by sufferance, the procedure for a writ of assistance to issue properly, strong public policy supporting notice as a pre-requisite to eviction and the well-settled deferential standard of review afforded to the trial court's decisions concerning writs of assistance. Upon these grounds, I respectfully dissent.

**A.    Demand**

The Virgin Islands Code requires written notice prior to terminating a tenancy by sufferance. *See* V.I. Code Ann. tit. 28, § 752. It is unquestionable that when the order confirming sale issued, Chase was entitled to possession.[17] At that juncture,

---

[17] The confirmation of sale necessarily cuts off all ownership interests of the judgment debtor to the foreclosed property, save for the statutory right of redemption, as provided in V.I. Code Ann. tit, 28 § 535 (providing for six-month period of redemption in foreclosure actions). Those interests and any rights in the property, including the right of possession, are thereby vested in the purchaser in a foreclosure sale, and in relation to him, the mortgagor who continues to occupy the premises is but a mere holdover tenant or tenant at sufferance. *See In re St. Clair*, 251 B.R. 660, 665 (D.N.J. 2000) (noting general rule that mortgagor who holds possession after foreclosure and sale is tenant at sufferance) (*citing Caruso v. Hunt*, 174 A.2d 381 (N.J. 1961) (quoting 2 C.J.S. *Adverse*

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
FINCH, *concurring in part, dissenting in part*
Page 31

Surzano was merely a hold-over tenant by sufferance.[18]

The Virgin Islands Code, however, recognizes tenancies by sufferance and clearly provides procedures for their termination and recovery of possession. V.I. CODE ANN. tit. 28, § 752 provides in pertinent part that:

> <u>All</u> estates at will <u>or by sufferance</u> may be determined by either party, by three months' <u>notice in writing given by the other party</u>.

V.I. CODE ANN. tit. 28, § 752 (entitled "[t]ermination of estates at will or by sufferance.")(emphasis added).

Chase, however, never made a showing that it demanded possession or gave Surzano written notice to quit. Hence, as a matter of plain statutory interpretation, I believe the majority's well-articulated position is incorrect.

The majority points to *Gelling v. Clark*, to highlight that demand is not a pre-requisite for the issuance of a writ of assistance. 93 Ind. App. 346, 355 (Ind. Ct. App. 1931). However, in *Gelling*, after purchasing the premises at a Sheriff's Sale,

---

Possession § 105, at 659)), *aff'd without opinion*, *St. Clair v. Wood*, 281 F.3d 224 (3d Cir. 2001).

[18]   A tenancy by sufferance "is an interest in land which exists when a person who had a possessory interest in land by virtue of an effective conveyance, wrongfully continues in the possession of the land after the termination of such interest, but without asserting a claim to a superior title." RESTATEMENT (SECOND) OF PROPERTY § 14.1; *United States v. Gypsum Co. v. Schiavo Bros., Inc.* 668 F.2d 172, 182 (3d Cir. 1981).

the judgment purchasers engaged in the very same two-tiered

litigation that the majority criticizes, when it filed a separate

complaint in ejectment against the hold-over tenants. *Id.* at 351.

In that action, the hold-over tenants were served a copy of the

requisite notice, summons and complaint and also attended the

ejectment proceedings. *Id.* Consequentially, the *Gelling* court,

in the same sentence paraphrased in the majority opinion, went on

to conclude that:

> [E]ven if . . . demand were necessary as a pre-
> requisite to the bringing of this action [for writ of
> assistance] the action for ejectment . . . was
> sufficient demand for possession by appellees and
> refusal thereof by appellants.

*Id.* at 355.

In the case at bar, however, no express demand, nor separate

action where demand may have been implied was made prior to

Chase's request for a writ of assistance.

The majority also cites the 1930 case of *Messenkop v.*

*Duffield*, in support of its conclusion that demand is not a

prerequisite for a writ of assistance to issue. 294 P. 715 (Cal.

1930). However, the Supreme Court of California's reasoning in

*Messenkop* was premised entirely upon California Code of Civil

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
FINCH, *concurring in part, dissenting in part*
Page 33

Procedure § 682. *Id.* at 716. That section was enacted in 1872 and repealed in 1983.[19]

Finally, the majority cites the 1914 case of *Pillsbury*, *supra* at 837, as authority for the proposition that a judgment purchaser's statutory right to possession during the redemption period is sufficient to obtain a writ of assistance, despite the absence of a prior demand. *Id.* However, in rigid factual juxtaposition to the case at bar, in *Pillsbury* the judgment purchaser explicitly demanded possession from the hold-over tenant by sufferance, prior to seeking a writ of assistance. *Id.* In this case, however, no prior demand was made.

I empathize with the majority's willingness to expedite delivery of possession to a judgment purchaser who is entitled to such. However, as a practical matter, requiring a judgment purchaser to give a tenant by sufferance prior written notice demanding possession may be accomplished by a mere summary letter. More importantly, such a demand on a tenant by sufferance

---

[19] Enacted Stats 1872. Amended Stats 1933 ch 744 § 132; Stats 1951 ch 1737 § 104, operative January 1, 1952; Stats 1955 ch 793 § 1; Stats 1971 ch 1684 § 1; Stats 1973 ch 20 § 8; Stats 1978 ch 1133 § 1, ch 1419 § 1; Stats 1979 ch 66 § 1, effective May 19, 1979, operative January 1, 1980. Repealed Stats 1982 ch 1364 § 1, operative July 1, 1983. *See* CCP §§ 699.510, 699.520, 699.710, 712.040, 714.010, 714.020, 715.010.

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
FINCH, *concurring in part, dissenting in part*
Page 34

is mandated by Virgin Islands' law. *See* V.I. Code Ann. tit. 28, §
752.

I press my colleagues to also examine the public policy
impetus behind prior notice as a pre-requisite to eviction. The
process of demand, refusal, and judicial command of possession
all work in tandem to curtail the evils incidental to self-help
evictions.[20] In my opinion, the majority's position sacrifices
both clearly defined statutory notice requirements and
fundamental public policy considerations for the sake of pure
expediency.

At first blush it may seem as if I require an unnecessary
act for a judgment purchaser to enter into possession of premises
to which it is entitled. However, in the context of this
question, clarification is more appropriately resolved through
legislation than our jurisprudence. Therefore, where no prior
demand for possession was made, and the statute clearly requires
prior notice to terminate a tenancy by sufferance, it is my
opinion that the trial court's denial of Chase's writ of
assistance rested on adequate grounds.

---

[20] An action for forcible entry and detainer is a peaceful
alternative in lieu of the often violent consequences of property
owners exercising their right of self-help. *Suarez v. Christian*,
19 V.I. 1586 (D.V.I. 1981).

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
FINCH, *concurring in part, dissenting in part*
Page 35

## B. Writs of Assistance

A writ of assistance is not an appropriate basis for relief in cases where the party seeking relief does not allege noncompliance with any order issued by the Court. *United States v. One (1) Douglas A-26B Aircraft*, 662 F.2d 1372, 1374 (11th Cir. 1981). Writs of Assistance properly issue to execute a prior demand for delivery of possession. *Tessler v. Ayer*, 669 N. E. 2d 891, 895 (Ohio App. 1995). In this case no order issued directing delivery of possession to Chase. Thus, when Chase made its request for a writ, there was no demand to execute, no order to enforce and consequentially, no basis for a writ to issue. In that regard, local law provides:

> Subject to the provisions of the Federal Rules of Civil
> Procedure, the person in whose favor a judgment is given
> in the district court or the [Superior] Court which
> requires the payment of money, the delivery of real or
> personal property, or either of them, <u>may have a writ of
> execution issued for its enforcement</u>, as provided in this
> chapter.

V.I. Code Ann. tit. 5, § 471 (1997) (emphasis added); *see also* Sup. Ct. R. 51 (directing that writs be made to the clerk of the division in which judgment entered).

Similarly, the relevant federal rule, made applicable by section 471 and Superior Court Rule 7, specifies that "[w]hen any order or judgment is for the delivery of possession, the party in

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
FINCH, *concurring in part, dissenting in part*
Page 36

whose favor it is entered is entitled to writ of execution or assistance upon application to the clerk." Fed. R. Civ. P. 70 (2001).

Federal Rule of Civil Procedure 70 presupposes that there is a judgment or order in effect requiring the party to perform a specific act. *See In re Health Science Products Inc. V. Taylor*, 191 B. R. 915, 918 (N.D. Ala. 1995).  In that regard, the rule is designed to deal with parties who seek to thwart judgments by refusals to comply with orders to perform specific acts. *United States v. One (1) Douglas A-26B Aircraft*, 662 F. 2d 1372, 1374 (11th Cir. 1981); *see also James Wm. Moore, Moore's Federal Practice* § 70.02 (2d ed. 1991) (Rule 70 is intended primarily to preclude recalcitrant parties from frustrating a court order for the performance of <u>specific acts</u>)(emphasis added).

Rule 70 grants the court authority to enforce a previous court order to have a <u>specific act</u> performed. *Tessler*, 669 N. E. 2d at 895 (emphasis added).  As such, the rule "applies only if a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or perform any other <u>specific act</u> and the party has failed to comply within the time specified." *12 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE* § 3021 (1997)(emphasis added).

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
FINCH, *concurring in part, dissenting in part*
Page 37

In this case, the Superior Court never commanded delivery of possession of the premises.[21] Such a showing has been explicitly interpreted as a pre-requisite for a writ of assistance to issue.[22] *See One (1) Douglas A-26B Aircraft*, 662 F. 2d at 1374 (Rule 70 is "not an appropriate basis for relief in cases where . . . the party seeking relief does not allege non-compliance with any order issued by the court.); *see also* 7 C.J.S. Assistance, Writ of § 2 (United States Government could not rely on Rule 70 to obtain a writ of assistance to empower the United States Marshal to enter and take possession of forfeited premises and evict all occupants and their personal property where judgment did not direct "a party" to perform a specific act but simply ordered forfeiture of the premises). Accordingly, where case law clearly supports the Superior Court's position that an order commanding delivery of possession is a condition precedent for a

---

[21] A judgment of forfeiture, like a judgment of foreclosure, vests title in the holder thereof and entitles the beneficiary to possession of the premises. However, it does not command the delivery of possession of the premises. Accordingly, Rule 70 may not be relied upon to recover possession in such instances. *See One(1) Douglas A-26B Aircraft*, 662 F. 2d at 1374; *In re Health Science Products Inc. v. Taylor*, 191 B. R. 915, 918 (N.D. Ala. 1995).

[22] The trial court held that a writ of assistance was inapplicable to the instant case because its judgment confirming the sale indicated only that the Chase was "entitled" to possession and did not explicitly order delivery of possession to Chase. (App. at 18-19.)

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
FINCH, *concurring in part, dissenting in part*
Page 38

writ of assistance to issue, I cannot conclude that the Superior

Court erred in its determination.

## C.   Abuse of Discretion Standard of Review

The majority has determined, and I agree, that our review of

the Superior Court's denial of Chase's motion for reconsideration

is governed by the deferential abuse of discretion standard.[23]

An abuse of discretion is shown where the trial court's decision

"rests upon a clearly erroneous finding of fact, an errant

conclusion of law or an improper application of law to fact," or

where "no reasonable person would adopt" the court's view, or

---

[23]   Chase's motion for reconsideration was made under Local
Rule of Civil Procedure 7.4 (2001) (reconsideration). *Compare*
LRCi 7.0.3 (2007) (reconsideration); Fed. R. Civ. P. 59(e) (new
trial; altering amending a judgment); Fed. R. Civ. P. 60(b)
(relief from a judgment or order).  In asserting the standard of
review applicable to this case, the majority parenthetically
cites Federal Rule of Civil Procedure 60(b) as well as case law
addressing motions for reconsideration made under the Federal
Rules. *See Max Sea Food Café by Lou Ann, Inc. v. Quinteros*, 176
F.3d 669, 673 (3d Cir. 1999) (Review of factual determinations
underlying the court's denial of reconsideration is limited to
clear error.  Where the trial court's denial is based on the
interpretation of legal precepts, our review of that denial is
plenary).  However, where the applicable appellate standard of
review is concerned, there is no distinction between the Federal
Rule and Local Rule.  In both instances, our governing standard
of review remains the same. *See Gov't of the V.I. v. Innovative
Communs. Corp.*, 215 F. Supp. 2d 603 (D.V.I. App. Div. 2002)
(review of factual determinations underlying the court's denial
of reconsideration under the Local Rules of Civil Procedure is
limited to clear error.  Where the trial court's denial is based
on the interpretation of legal precepts, our review of that
denial is plenary) (citing *Max Sea Food Café by Lou Ann, Inc.*,
176 F.3d at 673)).

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
FINCH, *concurring in part, dissenting in part*
Page 39

where we are convinced the court made a clear error of judgment

in reaching its conclusions. *Innovative*, 215 F. Supp. 2d at 606

(citing *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir.

2000)).[24]

As my colleagues have aptly noted, the issuance of a writ of

assistance also rests in the "sound discretion of the court."[25]

*Pratt v. Engel*, 164 A. 696 (N.J. Ch. 1933); *see also United*

*States v. Washington*, 459 F. Supp. 1020, 1115 (W.D. Wash. 1978)

---

[24] "An abuse of discretion is a clear or obvious error of
judgment that must affect substantial rights, and not simply a
different result which can arguably be obtained when applying the
law to the facts of the case." *Poleon v. Gov't of the V.I.*, 184
F. Supp. 2d 428, 434 (D.V.I. App. Div. 2002).

[25] Notably, given the deferential standard of review
afforded to a trial court's decisions regarding writs of
assistance, the appellate cases the majority cites invariably
affirm the lower courts' decisions regarding writs of assistance,
unless some clear and obvious error occurred below. *United States*
*v. Young*, 806 F.2d 805, 807 (affirming the issuance of a writ of
assistance); *Sav. & Loan Assn. v. Busch*, 523 P.2d 1188, 1192
(Wash. 1974) (affirming the issuance of a writ of assistance);
*Homeowners Loan Corp. v. Blanchard*, 129 P.2d 286 (Or. 1942)
(affirming the issuance of a writ of assistance); *Boyd v. Boyd*,
207 S.W.2d 969 (Tex. Civ. App. 1947) (affirming issuance of writ
of assistance); *Gunby v. Doughton*, 228 P. 603 (N.M. 1924)
(affirming the issuance of a writ of assistance); *Metro. Life*
*Ins. Co. v. Heany*, 241 N.W. 525, 526 (Neb. 1932) (affirming
issuance of writ of assistance); *Gelling v. Clark*, 93 Ind. App.
346, 355 (Ind. Ct. App. 1931) (affirming issuance of writ of
assistance); *but see Pillsbury v. McGarry*, 138 P. at 837 (Or.
1914) (reversing trial court's denial of writ of assistance where
judgment purchaser made prior demand for possession upon tenant
at sufferance).

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
FINCH, *concurring in part, dissenting in part*
Page 40

(explaining that the court "has broad discretion to fashion remedies which will protect and effectuate its earlier rulings").

In sum, I recognize the merits of the majority's opinion, with which I concur. However, an abuse of discretion is "a clear or obvious error of judgment." *Poleon*, 184 F. Supp. 2d 434. Given the deferential standard that guides our considerations, I cannot identify a clear or obvious error in the Superior Court's reasoning that warrants reversal.

D.   Conclusion

In view of the foregoing, I cannot join my esteemed colleagues in concluding that the trial court abused its discretion in denying Chase's motion for reconsideration of its petition for a writ of assistance.[26]  Instead, I would affirm the Superior Court's reasoning on grounds consistent with this dissent. *See Horsey v. Mack Trucks, Inc.*, 882 F.2d 844, 847 (3d

_____

[26] As a final note, I highlight the majority's reliance on *Hamilton v. Nakai*, 453 F.2d 152, 158-59 (9th Cir. 1972), in support of their position that a writ of assistance may issue without a prior demand for possession. In *Hamilton*, the appellate court held that the trial court's discretionary power to afford a remedy via writ of assistance is "co-extensive with its jurisdiction over the subject matter." 435 F.2d at 157.  As a result, in *Hamilton*, as in the litany of cases cited by the majority, the Ninth Circuit Court of Appeals chose not to disturb the lower court's ultimate determination concerning whether a writ should issue. *See also Hamilton v. McDonald*, 503 F.2d 1138, 1151 (9th Cir. 1974) (affirming issuance of writ of assistance).

*Chase Manhattan Bank v. Surzano*
D.C. Civ. App. No. 2001-197
FINCH, *concurring in part, dissenting in part*
Page 41

Cir. 1989) ("We can affirm a correct decision of the district

court on a ground different than the ground relied upon by the

[trial] court."); *see also PAAC v. Rizzo*, 502 F.2d 306, 308 n.1

(3d Cir. 1974); *United States v. Dorsey*, 45 F.3d 809, 814 (4th

Cir. 1995) (an appellate court can affirm a trial court's opinion

on different grounds than those employed by the trial court).


Copies to:

Hon. Curtis V. Gómez, Chief Judge of the District Court
Hon. Raymond L. Finch, District Court Judge
Hon. Audrey L. Thomas, Superior Court Judge
Clerk of the Superior Court
Rhonda Hospedales, Esq.
Paullyne J.R. Surzano
Kim Bonelli
Cecily Francis
Monica Hedrick
Olga Schneider
Bailey Figler, Esq.
Semaj Johnson, Esq.